**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CRIMINAL ACTION NO. 5:15-CR-20-TBR**

**UNITED STATES OF AMERICA,**                        **PLAINTIFF**

**v.**

**ARTHUR A. RALSTON,**                                **DEFENDANT**

**MEMORANDUM OPINION & ORDER**

This matter is before the Court on Defendant Arthur A. Ralston's Motion for Release from Custody Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [DN 112]. The United States has responded in opposition. [DN 116]. No reply has been filed, and this matter is therefore ripe for review. For the reasons set forth herein, the Court will deny Defendant's Motion.

**I.    BACKGROUND**

On July 14, 2015, Defendant was indicted for one count of conspiring with others to "knowingly and intentionally possess with intent to distribute 5 grams or more of methamphetamine"; one count of possessing with the intent to distribute 5 grams or more of methamphetamine; one count of possessing body armor after having been convicted of a felony crime of violence; and one count of possessing a firearm as a convicted felon. [DN 1]. Defendant pleaded guilty to all four counts on January 12, 2016. [DN 46]. On April 14, 2016, he was sentenced to 120 months of imprisonment. [DN 57]. He is currently housed at Federal Medical Center ("FMC") Lexington.

1

## II. ANALYSIS

### A. Legal Standard

The compassionate release statute allows the Court to reduce the term of imprisonment and impose a term of probation or supervised release under certain narrow circumstances. Section 3852(c) provides that:

> The court may not modify a term of imprisonment once it has been imposed except that-
> (1) In any case—
> (A) *the court*, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier *may reduce the term of imprisonment* (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), *after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—*
> (i) extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C.A. § 3582(c)(1)(A) (emphasis added).

"The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3852, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences." *United States of America v. D-1 Duwane Hayes*, No. 16-20491, 2020 WL 7767946, at *1 (E.D. Mich. Dec. 30, 2020) (citing *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020)). "Now, an imprisoned person may file a motion for compassionate release after (1) exhausting the [Bureau of Prison's ("BOP")] administrative process; or (2) thirty days after the warden received the compassionate release request— whichever is earlier." *Jones*, 980 F.3d at 1105 (citing First Step Act of 2018, Pub. L. 115-391, Title VI, § 603(b), 132 Stat. 5194, 5239; 18 U.S.C. § 3582(c)(1)(A) (2020)).

Upon satisfying the exhaustion requirement (or upon waiver by the government of this requirement), 18 U.S.C. § 3582(c)(1)(A) requires the Court to engage in a "three-step inquiry" in reviewing compassionate release motions. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. Jan. 6, 2021) (citing *Jones*, 980 F.3d at 1101). First, "the court must 'find' that 'extraordinary and compelling reasons warrant a sentence reduction.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Second, the court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Although the Sentencing Commission's policy statement on reductions in terms of imprisonment under 18 U.S.C. § 3582(c)(1)(A) is recited at U.S.S.G. § 1B1.13, "the Commission has not updated § 1B1.13 since the First Step Act's passage in December 2018 . . . [and] the policy statement does not wholly survive the First Step Act's promulgation." *Jones*, 980 F.3d at 1109 (citing U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018)).

Consequently, the Sixth Circuit in *Jones* decided that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, U.S. Sentencing Guideline § 1B1.13 is no longer an "applicable" policy statement in cases where an incarcerated person, as opposed to the Director of the Bureau of Prisons, files his or her own compassionate release motion in district court. *Jones*, 980 F.3d at 1109. Accordingly, district courts "may skip step two of the § 3582(c)(1)(A) inquiry" and have "full discretion ... to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1109, 1111. Thus, for now, district courts need not ensure that their ideas of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) are consistent with the Sentencing Commission's idea of extraordinary and

compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) as currently reflected at U.S.S.G. § 1B1.13.

After considering whether extraordinary and compelling reasons warrant a sentence reduction, the district court proceeds to the final step of the analysis. If a sentence reduction is warranted under steps one and two, at step three, the court is to consider whether that reduction is defensible under the circumstances of the case by considering all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A); *Elias*, 984 F.3d at 518 (citing *Jones*, 980 F.3d at 1101, 1108). Additionally, "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519.

### B. Exhaustion of Administrative Remedies

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions and other serious hardships, but only under very limited circumstances." *United States v. Beck*, 425 F.Supp.3d. 573, No. 1:13-CR-186-6, 2019 WL 2716505, at *4 (M.D.N.C. June 28, 2019). Under the First Step Act, courts are now permitted to "consider motions by defendants for compassionate release without a motion" by the BOP Director "so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *United States v. Marshall*, No. 3:19-CR-00004-JHM, 2020 WL 114437, at *1 (W.D. Ky. Jan. 9, 2020).

Defendant provides proof of a request for "Elder Offenders Release," in which he requested relief because he is "over 60 and [has] 60% of my Time done." [DN 112-1]. He does not allege that he has asked BOP for compassionate release based on his health concerns, nor does he allege that the BOP denied or refused to consider such a request. In its response, the

4

United States represents that "[t]here is no evidence that Ralston filed a request for a sentence reduction with the warden." [DN 116, p. 7]. Because there is no evidence that Defendant made any attempt to first request compassionate release through the BOP, the Court finds that he failed to exhaust his administrative remedies. Regardless, even if Defendant exhausted his administrative remedies, he has failed to demonstrate extraordinary and compelling reasons for his release, as explained below.

### C. Extraordinary and Compelling Reasons

The Court next considers whether there are "extraordinary and compelling reasons" that justify a reduction of her sentence. "[D]istrict courts have discretion to define 'extraordinary and compelling' on their own initiative." *Elias*, 984 F.3d at 519–20. But "the mere fact that defining *extraordinary and compelling* 'is left to the district court's discretion . . . does not mean that no legal standard governs that discretion.'" *United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005)). Those words still have their ordinary meaning. *Id.* When Congress enacted the statute in 1984, "'extraordinary' was understood to mean 'most unusual,' 'far from common,' and 'having little or no precedent.'" *Id.* (citing Webster's Third New International Dictionary: Unabridged 807 (1971)). And "'[c]ompelling' meant 'forcing, impelling, driving.'" *Id.* (citing Webster's Third New International Dictionary at 463).

Defendant argues that he should be released because he suffers from various health conditions—namely, schizoid effective disorder, chronic pain, and high blood pressure—and these conditions increase his chances of contracting COVID-19. [DN 112]. In response, the United States acknowledges that Defendant suffers from major depressive disorder, lower back pain, nightmare disorder, shizoaffective disorder, and high blood pressure, as stated in his

medical records. [DN 116, p. 3; DN 118-2]. The United States further acknowledges that "Ralston *does* present a medical condition included in the [Center for Disease Control's ("CDC")] current list of risk factors," namely, a substance abuse disorder. [DN 116, p. 11]. However, the United States argues, there are few cases of COVID-19 at FMC Lexington and Defendant is vaccinated, so his health concerns should not qualify as an extraordinary and compelling reason for release. *Id.*

In *United States v. Elias*, 984 F.3d 516 (6th Cir. 2021), the Sixth Circuit cited with approval a two-factor test for determining "when the concern of contracting COVID-19 becomes an extraordinary and compelling reason for compassionate release." *Id.* at 520 (citation omitted). Under that test, the fear of contracting COVID-19 qualifies as an extraordinary and compelling reason for release "(1) when the defendant is at high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak." *Id.* (quoting *United States v. Hardin*, No. 19-CR-240, 2020 WL 2610736, *4 (N.D. Ohio May 22, 2020)) (internal quotation marks omitted).

In this case, even assuming Defendant is at a high risk of having complications from COVID-19 due to his health conditions, the Court would still need to consider whether FMC Lexington, where Defendant is housed, has a severe COVID-19 outbreak. *Id.* Currently, one inmate and nine staff members at FMC Lexington are infected with the virus.[1] Further, the institution is a Level 3, meaning it has employed "intense modifications" to halt the spread of the virus.[2] This includes mandatory face coverings in all areas, social distancing, and mandatory symptom/temperature screening for staff members.[3] In addition, Defendant is fully vaccinated,

---

[1] Covid-19 Cases, https://www.bop.gov/coronavirus/ (last visited Dec. 6, 2021).
[2] Modified Operational Levels, https://www.bop.gov/coronavirus/ (last visited Dec. 6, 2021).
[3] BOP COVID-19 Operational Levels, https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp (last visited Dec. 6, 2021).

and as a result, his risk of contracting COVID-19 is greatly reduced. [DN 118-2, p. 86]; *see also United States v. Smith*, No. 17-CR-20753, 2021 WL 364636, *2 (E.D. Mich. Feb. 3, 2021) ("Defendant's vaccination against COVID-19 precludes the argument that his susceptibility to the disease is 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)."). Under these circumstances, the Court finds that the second *Elias* factor weighs heavily against Defendant's motion.

In sum, even if Defendant presents with a serious medical condition, that condition, alone or coupled with the ongoing pandemic, does not create an extraordinary and compelling reason for release. Defendant's motion must therefore be denied.

### D.  18 U.S.C. § 3553(a) Factors

Even though the Court has found Defendant is not entitled to compassionate release because she has failed to demonstrate extraordinary and compelling circumstances, the Court will nevertheless weigh the sentencing factors in § 3553(a). *See United States v. Willis*, 382 F.Supp.3d 1185, 1188 (D.N.M. 2019). Pursuant to § 3553(a), a court imposing a sentence shall consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;

7

(4) the kinds of sentence and the sentencing range established for [the applicable offense category as set forth in the guidelines];

(5) any pertinent policy statement . . . by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

In consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court finds that compassionate release is not appropriate in this case. In the present case, the nature and circumstances of the crime are serious and weigh against compassionate release. Defendant was involved in an armed methamphetamine trafficking group associated with the Hells Angels of Fulton, Kentucky. [DN 53, p. 7]. After a federal investigation into the group, law enforcement identified Defendant as a "patched" member and Secretary of the motorcycle gang. *Id.* Defendant was ultimately charged with several drug trafficking and gun-related charges. [DN 1]. The Court cannot ignore the serious and dangerous nature of these offenses, nor can the Court ignore the danger that these offenses bring to the community. The Court also notes that Defendant's lengthy criminal history, which dates back to 1981 and continues through 2015, is replete with similar drug-related crimes and multiple assault charges. [DN 53, pp. 12–19].

Further, Defendant was sentenced to a total of 120 months, but has served only approximately seventy-five months as of the time of his filing. The Court finds that releasing Defendant at this time, with such a significant period of incarceration remaining on his sentence, would minimize the seriousness of his crimes, fail to afford adequate deterrence to criminal conduct, and would be unjust in light of the serious nature of his crimes.

Accordingly, the Court finds that the nature and circumstances of the present offenses, Defendant's history and characteristics, and the length of Defendant's remaining sentence do not

support relief. Therefore, even if the Court found that Defendant has exhausted his administrative remedies and extraordinary and compelling reasons for release existed, the Court would still deny Defendant's motion under 18 U.S.C. § 3553(a).

### III. CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that Defendant Arthur A. Ralston's Motion for Release from Custody Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), [DN 112], is **DENIED**.

**Thomas B. Russell, Senior Judge**
**United States District Court**

December 7, 2021

cc: Counsel of Record
    Defendant, pro se